IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPIEGELBERG MANUFACTURING, INC. d/b/a PRO-WELD INTERNATIONAL | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-1314-G |
| KELLY HANCOCK d/b/a K-R-H SERVICES, ET AL. | § § § | |
| Defendants. | § § | |

## **MEMORANDUM ORDER**

Plaintiff Spiegelberg Manufacturing, Inc. d/b/a Pro-Weld International has filed a motion to compel discovery in this diversity action brought against two former employees, Defendants Kelly Hancock and Brian Barrow, alleging claims under Texas law for theft, conversion, breach of fiduciary duty, and breach of the duty of loyalty. Defendants counterclaim for unpaid commissions and wages. At issue in this discovery dispute is whether defendants should be required to answer interrogatories and produce documents related to: (1) their new employer, Tru-Weld; (2) K-R-H Services, a side business operated by Hancock while he was employed by plaintiff; (3) communications generated by defendants after June 8, 2007, the date they resigned their employment with plaintiff; and (4) defendants' counterclaims. The parties have briefed their respective positions in a Joint Status Report filed on November 29, 2007, and the motion is ripe for determination.[1]

---

[1] Defendants request an opportunity to file a separate response to the arguments made by plaintiff in its motion to compel because they "have not yet seen [the motion] nor some of the exhibits to it[.]" (Jt. Stat. Rep., 11/29/07 at 2). The request is denied. The Standing Order on Discovery Motions issued on August 2, 2007, provides that "[n]o discovery motion shall be filed unless the attorneys first confer by telephone or meet face-to-face in an attempt to resolve all matters in dispute." *See* Standing Order, 8/7/07 at 2, ¶ 2. The order goes on to state:

Fed. R. Civ. P. 26(b) allows a party to obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As the party seeking discovery, plaintiff must establish this threshold burden. *See E.E.O.C. v. Renaissance III Organization*, No. 3-05-CV-1063-B, 2006 WL 832504 at *1 (N.D. Tex. Mar. 30, 2006) (Kaplan, J.), *citing Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). Once plaintiff establishes that its interrogatories and document requests are within the scope of permissible discovery, the burden shifts to defendants to show why discovery should not be permitted. *See Corrigan v. Methodist Hospital*, 158 F.R.D. 54, 56 (E.D. Pa. 1994); *Amcast Industrial Corp. v. Detrex Corp.*, 138 F.R.D. 115, 118 (N.D. Ind. 1991). *But see Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.), *quoting McLeod,*

---

> The purpose of a joint status report is to enable the court to determine the respective positions of each party regarding the subject matter of a discovery dispute. To this end, the parties should present their arguments and authorities in the body of the report. Supporting evidence and affidavits may be submitted in a separate appendix. If further briefing is desired before any unresolved matters are set for a hearing, the joint status report must indicate why the party requesting further briefing could not fully present its arguments and authorities in the report. The court, in its discretion, may allow further briefing upon request by any party.

*See id.* at 2-3, ¶ 3. Although defendants did not receive a copy of plaintiff's motion to compel before they signed the joint status report, the attorneys presumably discussed their respective positions and disclosed their legal authorities during a one-hour telephone conference held on November 8, 2007--21 days before the joint status report was filed. Significantly, defendants do not suggest that plaintiff was not forthcoming with its arguments and authorities at this conference. Without such a showing, the court will not allow further briefing. *See Brody v. Zix Corp.*, No. 3-04-CV-1931-K, 2007 WL 1544638 at *1 n.1 (N.D. Tex. May 25, 2007) (Kaplan, J.) (denying request for further briefing where attorneys were given an opportunity to fully discuss the basis of a discovery motion before filing their joint status report).

*Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that party opposing discovery must "show specifically how . . . each [request] is not relevant or how each [request] is overly broad, burdensome or oppressive.").

In two interrogatories and three requests for production, plaintiff seeks information and documents regarding defendants' new employer, Tru-Weld:

> Interrogatory No. 8:
> Identify any current customers of Tru-Weld that were customers of Plaintiff during your tenure of employment with Plaintiff, and the date(s) or timeframe that any such customers became customers of Tru-Weld.
>
> Interrogatory No. 11:
> Identify and describe in detail the manner in which you are compensated by Tru-Weld. Your response should identify and describe in detail:
>
> (a) The frequency in which you are paid by Tru-Weld;
>
> (b) Whether you are paid on a salary basis, hourly basis, and/or receive sales commissions and bonuses; and the amount, rates, and percentages at which you are paid; and
>
> (c) Whether any of the sales commissions or other compensation that you have received from Tru-Weld was for business from customers that were customers of Plaintiff during your tenure of employment with Plaintiff.
>
> Request for Production No. 9:
> Produce all documents that identify or evidence any current customers of Tru-Weld that were customers of Plaintiff during your tenure of employment with Plaintiff including, but not limited to, any customer[] lists, invoices, order[] forms, or other documentation concerning such information.
>
> Request for Production No. 12:
> Produce all documents that concern or relate to the manner in which you are, or have been, compensated by Tru-Weld including, but not limited to, any pay-stubs, commission statements, bank statements, taxation forms, or other documents evidencing such information.

> Request for Production No. 13:
> Produce all documents that concern or relate to sales commissions or other compensation that you received from Tru-Weld relating to business that Tru-Weld received from customers that were customers of Plaintiff during your tenure of employment with Plaintiff.

These discovery requests, which are narrowly tailored to determine whether defendants diverted plaintiff's customers to Tru-Weld, are clearly relevant to plaintiff's claims for theft, conversion, breach of fiduciary duty, and breach of the duty of loyalty. The same is true for discovery related to K-R-H Services, a side business operated by Hancock:

> Interrogatory No. 12:
> Identify and describe in detail all other businesses or enterprises that you operated, or were involved in, during the tenure of your employment with Plaintiff including, but not limited to, any business entity operating under the name "K-R-H Services." Your response should identify and describe in detail:
>
> (a) Your role or position in any such business or enterprise;
>
> (b) The nature of the goods and/or services provided by any such business or enterprise;
>
> (c) Whether any goods and/or services provided by any such business or enterprise are or were also provided by Plaintiff; and
>
> (d) Whether any customers of any such business or enterprise were also customers of Plaintiff.
>
> Interrogatory No. 16:
> Identify all suppliers to and customers of K-R-H Services.
>
> Request for Production No. 15:
> Produce all documents that concern or relate to any other businesses or enterprises that you operated, or were otherwise involved in, during the tenure of your employment with Plaintiff including, but not limited to, any [and] all documents that concern or relate to an entity operating under the name "K-R-H Services."

> Request for Production No. 21:
> Produce all documents which market or advertise any goods and services supplied by K-R-H Services.
>
> Request for Production No. 24:
> Produce all invoices received by K-R-H Services in the last 5 years.
>
> Request for Production No. 25:
> Produce all statements/invoices issued by K-R-H Services in the last 5 years.

Although defendants object that some of these discovery requests are overly broad and unduly burdensome, they cite no legal authority or provide any evidence to support such objections. The court determines, however, that any discovery related to K-R-H Services should be limited to information and documents predating defendants' resignation on June 8, 2007.

The court reaches a different conclusion with respect to the discovery of documents and communications generated by defendants after June 8, 2007:

> Request for Production No. 8:
> Produce all documents that concern or relate to any assistance that you and/or Defendant Barron provided to Tru-Weld in opening, stocking and/or making operational any of its warehouses.
>
> Request for Production No. 10:
> Produce all documents that concern or relate to any efforts in which you and/or Defendant Barron engaged to solicit, persuade, or otherwise convince any customers of Plaintiff to become customers of Tru-Weld.
>
> Request for Production No. 11:
> Produce all documents that concern or relate to any oral or written communications that you and/or Defendant Barron had with Plaintiff's customers, during which you and/or Defendant Barron solicited them, or attempted to persuade them, to become customers of Tru-Weld.
>
> Request for Production No. 19:
> Produce all documents that relate to any dealings that you had with Plaintiff's customers on behalf of Tru-Weld.

Defendants have agreed to produce all communications between them generated while they were employed by plaintiff, as well as communications generated after June 8, 2007 that refer to events occurring before their resignation. (*See* Jt. Stat. Rep., 11/29/07 at 13). Because defendants did not have a non-competition agreement with plaintiff, the court is not convinced that communications between defendants and plaintiff's customers after June 8, 2007 are reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff also seeks certain financial documents that relate to defendants' counterclaims for unpaid commissions and wages. Two of the document requests are plainly relevant to defendants' counterclaims and must be produced:

> Request for Production No. 22:
> Produce copies of all documents you received from Plaintiff regarding commissions, or commission rates or payments.
>
> Request for Production No. 26:
> Produce copies of all checks, and check stubs, or any other documents reflecting compensation Plaintiff paid you from January 1, 2007 to present.

However, discovery of defendants' 2006 and 2007 federal and state income tax returns and supporting documents, (*see* RFP No. 18), and bank statements from January 1, 2007 to the present, (*see* RFP No. 27), is overly broad. The court will not allow such discovery unless it is limited to financial information directly related to wages and commissions paid to defendants by plaintiff.

For these reasons, plaintiff's motion to compel discovery [Doc. #27] is granted in part and denied in part. The motion is granted with respect to Interrogatory Nos. 8 & 11 and Request for Production Nos. 9, 12, 13, 22 & 26. The motion is also granted with respect to Interrogatory Nos. 12 & 16 and Request for Production Nos. 15, 21, 24 & 25, but only as to information and documents predating defendants' resignation on June 8, 2007. Defendants shall serve answers to these

interrogatories and produce responsive documents to plaintiff by **December 17, 2007.** In addition, defendants shall produce all communications between them generated while they were employed by plaintiff, as well as communications generated after June 8, 2007 that refer to events occurring before their resignation. In all other respects, plaintiff's motion to compel discovery, including its request for costs and attorney's fees, is denied.

SO ORDERED.

DATED: December 3, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE